1  Arman Marukyan (Cal. State Bar No. 327150)
       arman@calljustice.com
2  Dominic Scarangella (Cal. State Bar No. 301592)
       d.scarangella@calljustice.com
3  **LAWYERS** *for* **JUSTICE, PC**
   450 North Brand Blvd., Suite 900
4  Glendale, California 91203
   Tel:  (818) 265-1020 / Fax: (818) 265-1021
5
   *Attorneys for* Plaintiff
6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROSARIO CASILLAS, individually, and on behalf of other members of the general public similarly situated;<br><br>        Plaintiff,<br><br>    vs.<br><br>WAL-MART ASSOCIATES, INC., a Delaware corporation; WALMART, INC., a Delaware corporation; WAL-MART STORES, INC., an unknown business entity; and DOES 3 through 100, inclusive,<br><br>        Defendants. | Case No.:  2:25-cv-06086-RGK-BFM<br><br>[Removed from Los Angeles Superior Court, Case No. 25STCV14537]<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>(1)  Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);<br>(2)  Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);<br>(3)  Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);<br>(4)  Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);<br>(5)  Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);<br>(6)  Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);<br>(7)  Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses);<br>(8)  Violation of California Business & Professions Code § 17200, et seq.<br><br>**DEMAND FOR JURY TRIAL** |

*(left vertical margin)* **LAWYERS** *for* **JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

COMES NOW, Plaintiff ROSARIO CASILLAS ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated, and alleges as follows:

## JURISDICTION AND VENUE

1.     This class action was originally brought in the Superior Court for the County of Los Angeles pursuant to the California Code of Civil Procedure section 382.

2.     This Court has asserted jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).

3.     Upon information and belief, Defendants are a Delaware corporation or unknown business entity doing business in California, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this District and throughout the State of California. Defendants maintain offices, have agents, and are licensed to transact and do transact business in this District, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by California courts consistent with traditional notions of fair play and substantial justice.

4.     Venue is proper in this Court because, upon information and belief, Defendants maintain offices, have agents, employ individuals, and/or transact business in the Central District of California

## PARTIES

5.     Plaintiff ROSARIO CASILLAS is an individual residing in the State of California, County of Los Angeles.

6.     Defendant WAL-MART ASSOCIATES, INC., at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Los Angeles.

7.     Defendant WALMART, INC., at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Los Angeles.

///

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

8.      Defendant WAL-MART STORES, INC., at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Los Angeles.

9.      At all relevant times, Defendant WAL-MART ASSOCIATES, INC., Defendant WALMART, INC., and Defendant WAL-MART STORES, INC. were the "employer" of Plaintiff within the meaning of all applicable California laws and statutes.

10.     At all times herein relevant, Defendant WAL-MART ASSOCIATES, INC., Defendant WALMART, INC., Defendant WAL-MART STORES, INC., and DOES 3 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators, and/or assigns, each of the other, and at all times relevant hereto, were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators, and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization, and/or consent of each defendant designated as a DOE herein.

11.     The true names and capacities, whether corporate, associate, individual, or otherwise, of defendants DOES 3 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names.  Plaintiff is informed and believes, and based thereon, alleges that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint.  Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

12.     Defendant WAL-MART ASSOCIATES, INC., Defendant WALMART, INC., Defendant WAL-MART STORES, INC., and DOES 3 through 100 will hereinafter collectively be referred to as "Defendants."

13.     Plaintiff further alleges that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

1   Plaintiff and the other class members so as to make each of said Defendants employers liable

2   under the statutory provisions set forth herein.

3                          **CLASS ACTION ALLEGATIONS**

4        14.    Plaintiff brings this action on her own behalf and on behalf of all other members

5   of the general public similarly situated and, thus, seeks class certification under California

6   Code of Civil Procedure section 382.

7        15.    The proposed class is defined as follows:

8              All current and former hourly-paid or non-exempt employees who worked for

9              any of the Defendants within the State of California at any time during the

10             period from May 15, 2021 to final judgment.

11             SUBCLASS A. All class members who received overtime compensation at a

12             rate lower than their respective regular rate of pay because Defendants failed to

13             include all shift differential pay/commissions/non-discretionary bonuses/non-

14             discretionary performance pay in the calculation of the regular rate of pay for

15             overtime pay purposes.

16       16.    Plaintiff reserves the right to establish subclasses as appropriate.

17       17.    The class is ascertainable, and there is a well-defined community of interest in

18   the litigation:

19             a.    Numerosity: The class members are so numerous that joinder of all class

20                   members is impracticable.  The membership of the entire class is

21                   unknown to Plaintiff at this time; however, the class is estimated to be

22                   greater than fifty (50) individuals, and the identity of such membership is

23                   readily ascertainable by inspection of Defendants' employment records.

24             b.    Typicality: Plaintiff's claims are typical of all other class members' as

25                   demonstrated herein.  Plaintiff will fairly and adequately protect the

26                   interests of the other class members with whom she has a well-defined

27                   community of interest.

28   ///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

   c. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of each class member, with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

   d. <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

   e. <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

18. There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

   a. Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code was willful;

   b. Whether Defendants had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California

///

1    for all hours worked and missed (short, late, interrupted, and/or missed
2    altogether) meal periods and rest breaks in violation of California law;
3        c.    Whether Defendants required Plaintiff and the other class members to
4        work over eight (8) hours per day and/or over forty (40) hours per week
5        and failed to pay the legally required overtime compensation to Plaintiff
6        and the other class members;
7        d.    Whether Defendants deprived Plaintiff and the other class members of
8        meal and/or rest periods or required Plaintiff and the other class
9        members to work during meal and/or rest periods without compensation;
10        e.    Whether Defendants failed to pay minimum wages to Plaintiff and the
11        other class members for all hours worked;
12        f.    Whether Defendants failed to pay all wages due to Plaintiff and the other
13        class members within the required time upon their discharge or
14        resignation;
15        g.    Whether Defendants complied with wage reporting as required by the
16        California Labor Code, including, *inter alia*, section 226;
17        h.    Whether Defendants failed to reimburse Plaintiff and the other class
18        members for necessary business-related expenses and costs;
19        i.    Whether Defendants' conduct was willful or reckless;
20        j.    Whether Defendants engaged in unfair business practices in violation of
21        California Business & Professions Code section 17200, et seq.;
22        k.    The appropriate amount of damages, restitution, and/or monetary
23        penalties resulting from Defendants' violation of California law; and
24        l.    Whether Plaintiff and the other class members are entitled to
25        compensatory damages pursuant to the California Labor Code.
26    19.    Class certification of the First through Eighth causes of action is appropriate
27 pursuant to Rule 23(b)(3) because the aforementioned questions of law and fact common to the
28 class predominate over any questions affecting only individual members of the class, and

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

1    because a class action is superior to other available methods for the fair and efficient

2    adjudication of this litigation. Defendants' common and uniform policies and practices have

3    unlawfully denied Plaintiff and the other class members meal period premiums for all meal

4    periods that were not provided in compliance with the applicable Industrial Welfare

5    Commission ("IWC") Order and California Labor Code, have denied them rest period

6    premiums for all rest periods that were not provided in compliance with the applicable IWC

7    Order and California Labor Code, have denied them of minimum wages for all hours worked,

8    have denied them payment of their final wages in a timely manner, have denied them of

9    accurate wage statements in compliance with the California Labor Code, have denied them

10   from getting reimbursed for necessary business related expenses, and amount to unfair

11   competition under California Business and Professions Code Sections 17200 et seq. The

12   damages suffered by individual class members are relatively small compared to the expense

13   and burden of individual prosecution of this litigation. For this reason, as well as the fact that

14   class members currently employed by Defendants may fear direct or indirect retaliation from

15   Defendants for prosecuting an action against Defendants, the class members' interests in

16   individually controlling the prosecution of this action is minimal. In addition, a class action in

17   this forum is desirable as it will eliminate the risk of inconsistent rulings regarding the legality

18   of Defendants' policies, practices, and procedures. Managing this case as a class action will not

19   present difficulties as the parties can utilize approved methods of random statistical sampling

20   and expert testimony at trial.

21       20.    Once class certification is granted, Plaintiff will send notice to all members of

22   the class consistent with the requirements of Rule 23(c)(2) of the Federal Rules of Civil

23   Procedure. Specifically, Plaintiff will submit a proposed notice to the Court for its approval,

24   stating (i) the nature of this action, (ii) the definition of the certified class, (iii) the class claims,

25   issues, and/or defenses, (iv) that a class member may enter an appearance through an attorney

26   if he or she so desires, (v) that the Court will exclude from the class any member who requests

27   exclusion, (vi) the time and manner for requesting exclusion, and (vii) the binding effect of a

28   class judgment on class members under Rule 23(c)(3).

## **GENERAL ALLEGATIONS**

21.    At all relevant times set forth herein, Defendants employed Plaintiff and the other class members as hourly-paid or non-exempt employees within the State of California, including the County of Los Angeles.

22.    Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt "Food and Consumables Associate" from approximately April 2023 to approximately September 2024 in the State of California, County of Los Angeles.

23.    Defendants hired Plaintiff and the other class members, classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked and missed meal periods and/or rest breaks.

24.    Defendants are in the business of retail, encompassing hypermarkets, discount department stores, and grocery stores, both online and in physical locations.

25.    Defendants had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing Plaintiff's and the other class members' employment, and to supervise their daily employment activities.

26.    Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

27.    Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

28.    Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

29.    Plaintiff and the other class members worked over eight (8) hours in a day and/or forty (40) hours in a week during their employment with Defendants.

30.    Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California.  This pattern and practice involved, *inter alia*, failing ///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

1   to pay them for all regular and/or overtime wages earned and for missed meal periods and rest

2   breaks in violation of California law.

3       31.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

4   knew or should have known that Plaintiff and the other class members were entitled to receive

5   certain wages for overtime compensation and that they were not receiving accurate overtime

6   compensation for all overtime hours worked, *inter alia*, failing to compensate them for job

7   duties performed off-the-clock before their scheduled shifts, after their scheduled shifts, and/or

8   during their meal periods.  The job duties included, but are not limited to, providing customer

9   service by responding to customer questions and providing assistance, opening/closing

10  stores/facilities, meeting with supervisors/managers, responding to work related

11  communications/inquiries, assisting supervisors/managers, and completing other regular

12  duties/tasks in order to meet the high standard of customer service set by Defendants under

13  threat of discipline by Defendants.  These work related tasks were performed off-the-clock,

14  approximately 10-30 minutes per day, at the instruction of managers/supervisors, and/or in

15  order to comply with Defendants' policies.

16      32.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

17  failed to use the shift differential pay/commissions/non-discretionary bonuses/non-

18  discretionary performance pay to calculate the regular rate of pay used to calculate the

19  overtime rate for the payment of overtime wages where Plaintiff and the other class members

20  earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary

21  performance pay and overtime wages in the same workweek.

22      33.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

23  failed to provide Plaintiff and the other class members all required rest and meal periods during

24  the relevant time period as required under the Industrial Welfare Commission ("IWC") Wage

25  Orders, and, thus, they are entitled to any and all applicable penalties.

26      34.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

27  failed to relieve Plaintiff and other members of all duties, failed to relinquish control over

28  Plaintiff and the other class members' activities, failed to permit Plaintiff and other class

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

1   members a reasonable opportunity to take, and impeded or discouraged them from taking thirty

2   (30) minute uninterrupted meal breaks no later than the end of their fifth hour of work for

3   shifts lasting at least six (6) hours, and/or take second thirty (30) minute uninterrupted meal

4   breaks no later than their tenth hour of work for shifts lasting more than (10) hours.  This

5   occurred on a regular basis.

6       35.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

7   knew or should have known that Plaintiff and the other class members were entitled to receive

8   all meal periods or payment of one additional hour of pay at Plaintiff's and the other class

9   members' regular rate of pay when a meal period was missed, short, late, and/or interrupted,

10  and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's

11  and the other class member's regular rate of pay when a meal period was missed, short, late,

12  and/or interrupted.  This occurred on a regular basis.

13      36.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

14  knew or should have known that Plaintiff and the other class members were entitled to receive

15  all rest periods or payment of one additional hour of pay at Plaintiff's and the other class

16  members' regular rate of pay when a rest period was missed, short, late, and/or interrupted, and

17  they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and

18  the other class member's regular rate of pay when a rest period was missed, short, late, and/or

19  interrupted.  This occurred on a regular basis.

20      37.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

21  knew or should have known that Plaintiff and the other class members were entitled to receive

22  at least minimum wages for compensation and that they were not receiving at least minimum

23  wages for all hours worked. Defendants' failure to pay minimum wages included, *inter alia*,

24  Defendants' effective payment of zero dollars per hour for hours Plaintiff and the other class

25  members worked off-the-clock performing work duties, including but not limited to, providing

26  customer service by responding to customer questions and providing assistance,

27  opening/closing stores/facilities, meeting with supervisors/managers, responding to work

28  related communications/inquiries, assisting supervisors/managers, and completing other

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

1    regular duties/tasks in order to meet the high standard of customer service set by Defendants

2    under threat of discipline by Defendants.  These work related tasks were performed off-the-

3    clock, approximately 10-30 minutes per day, at the instruction of managers/supervisors, and/or

4    in order to comply with Defendants' policies.

5           38.     Plaintiff is informed and believes, and based thereon alleges, that Defendants

6    knew or should have known that Plaintiff and the other class members were entitled to receive

7    all wages owed to them upon discharge or resignation, including overtime and minimum wages

8    and meal and rest period premiums, and they did not receive all such wages owed to them at

9    the time of their discharge or resignation.

10           39.     Plaintiff is informed and believes, and based thereon alleges, that Defendants

11    knew or should have known that Plaintiff and the other class members were entitled to receive

12    complete and accurate wage statements in accordance with California law, but they did not

13    receive complete and accurate wage statements from Defendants.  The deficiencies included,

14    *inter alia*, the failure to include the accurate total number of hours actually worked by Plaintiff

15    and the other class members and the accurate total amount of wages actually earned by

16    Plaintiff and the other class members.  Therefore, each wage statement during the relevant

17    period, including during Plaintiff's employment, is inaccurate.

18           40.     Plaintiff is informed and believes, and based thereon alleges, that Defendants

19    knew or should have known that Plaintiff and the other class members were entitled to

20    reimbursement for necessary business-related expenses, but Plaintiff and the other class

21    members were not reimbursed for necessary business-related expenses, including, but not

22    limited to, costs associated with the use of personal phones for work related tasks.

23           41.     Plaintiff is informed and believes, and based thereon alleges, that Defendants

24    knew or should have known that they had a duty to compensate Plaintiff and the other class

25    members pursuant to California law, and that Defendants had the financial ability to pay such

26    compensation, but willfully, knowingly, and intentionally failed to do so and falsely

27    represented to Plaintiff and the other class members that they were properly denied wages, all

28    in order to increase Defendants' profits.

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

42.     During the relevant time period, Defendants failed to pay overtime wages to Plaintiff and the other class members for all overtime hours worked.  Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation for all overtime hours worked.

43.     During the relevant time period, Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other class members earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek.

44.     During the relevant time period, Defendants failed to provide all requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

45.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

46.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.

47.     During the relevant time period, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members.

48.     During the relevant time period, Defendants failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs, including but not limited to costs associated with the use of personal phones for work related tasks.

49.     During the relevant time period, Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

50.     California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

## FIRST CAUSE OF ACTION

### (Violation of California Labor Code §§ 510 and 1198)

### (Against WAL-MART ASSOCIATES, INC., WALMART, INC.,

### WAL-MART STORES, INC., and DOES 3 through 100)

51.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 50, and each and every part thereof with the same force and effect as though fully set forth herein.

52.     California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one-and-one-half times (1.5x) or two times (2x) that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

53.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members who worked more than eight (8) hours in a day or forty (40) hours in a workweek at the rate of one-and-one-half times (1.5x) all hours worked in excess of eight (8) hours in a day or forty (40) hours in a workweek.

54.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times (2x) their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

55.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

56.     During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day and/or forty (40) hours in a week, including performing work duties off-the-clock, including but not limited to, providing customer service by responding to customer questions and providing assistance, opening/closing stores/facilities, meeting with

1  supervisors/managers, responding to work related communications/inquiries, assisting

2  supervisors/managers, and completing other regular duties/tasks in order to meet the high

3  standard of customer service set by Defendants under threat of discipline by Defendants.

4  These work related tasks were performed off-the-clock, approximately 10-30 minutes per day,

5  at the instruction of managers/supervisors, and/or in order to comply with Defendants'

6  policies.

7       57.     During the relevant time period, Defendants intentionally and willfully failed to

8  pay overtime wages owed to Plaintiff and the other class members.

9       58.     Defendants' failure to pay Plaintiff and the other class members the unpaid

10  balance of overtime compensation, as required by California laws, violates the provisions of

11  California Labor Code sections 510 and 1198.

12       59.     Pursuant to California Labor Code section 1194, Plaintiff and the other class

13  members are entitled to recover unpaid overtime compensation, as well as interest, costs, and

14  attorneys' fees.

15                          **SECOND CAUSE OF ACTION**

16           **(Violation of California Labor Code §§ 226.7 and 512(a))**

17           **(Against WAL-MART ASSOCIATES, INC. WALMART, INC.,**

18              **WAL-MART STORES, INC., and DOES 3 through 100)**

19       60.     Plaintiff incorporates by reference the allegations contained in paragraphs 1

20  through 59, and each and every part thereof with the same force and effect as though fully set

21  forth herein.

22       61.     At all relevant times, the IWC Wage Order and California Labor Code sections

23  226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by

24  Defendants.

25       62.     At all relevant times, California Labor Code section 226.7 provides that no

26  employer shall require an employee to work during any meal or rest period mandated by the

27  applicable IWC Wage Order.

28  ///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

63.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

64.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

65.     During the relevant time period, Plaintiff and the other class members' meal periods were missed, shortened, late, and/or were interrupted because of chronic understaffing and Defendants required them to perform work duties, including but not limited to, providing customer service by responding to customer questions and providing assistance, opening/closing stores/facilities, meeting with supervisors/managers, responding to work related communications/inquiries, assisting supervisors/managers, and completing other regular duties/tasks in order to meet the high standard of customer service set by Defendants under threat of discipline by Defendants.

66.     As a result, Defendants failed to relieve Plaintiff and the other class members' activities, failed to permit Plaintiff and the other class members a reasonable opportunity to take, and impeded or discouraged them from taking thirty (30) minute uninterrupted meal periods no later than the end of their fifth hour of work for shifts lasting at least six (6) hours, and/or to take second thirty (30) minute uninterrupted meal periods no later than their tenth hour of work for shifts lasting more than ten (10) hours.

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

67. During the relevant time period, Plaintiff and the other class members who were scheduled to work no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for more than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

68. During the relevant time period, Plaintiff and the other class members, who were scheduled to work in excess of six (6) hours, were required to work more than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

69. During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate them the full meal period premium for work performed during meal periods.

70. During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

71. Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

72. Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular rate of compensation for each work day that a meal or rest period is not provided.

## **THIRD CAUSE OF ACTION**

### **(Violation of California Labor Code § 226.7)**

### **(Against WAL-MART ASSOCIATES, INC. WALMART, INC.,**

### **WAL-MART STORES, INC., and DOES 3 through 100)**

73. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 72, and each and every part thereof with the same force and effect as though fully set forth herein.

///

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

74.     At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

75.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by the applicable IWC Wage Order.

76.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

77.     During the relevant time period, Defendants required Plaintiff and other class members to work three and one-half (3 ½) or more hours without authorizing or permitting a ten (10) minute net rest period per each four (4) hour period, or major fraction thereof, worked.

78.     During the relevant time period, Plaintiff and the other class members' rest periods were missed, shortened, late, and/or interrupted because Defendants required them to perform work duties, including, but not limited to, providing customer service by responding to customer questions and providing assistance, opening/closing stores/facilities, meeting with supervisors/managers, responding to work related communications/inquiries, assisting supervisors/managers, and completing other regular duties/tasks in order to meet the high standard of customer service set by Defendants under threat of discipline by Defendants. Plaintiff and other class members rarely, if ever, received compliant rest periods.

79.     As a result, Defendants failed to provide, authorize, and/or permit Plaintiff and other class members to take full, uninterrupted, off-duty rest periods for every shift lasting three and one-half (3 ½) to six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10) hours, and/or three full, uninterrupted, off-duty rest

///

1  periods for every shift lasting ten (10) to fourteen (14) hours and failed to make a good faith

2  effort to authorize, permit, and provide such rest breaks in the middle of each work period.

3       80.     During the relevant time period, Defendants willfully required Plaintiff and the

4  other class members to work during rest periods and failed to pay Plaintiff and the other class

5  members the full rest period premium for work performed during rest periods. For example,

6  throughout her employment with Defendants, although Plaintiff was not authorized and

7  permitted to take full, uninterrupted, off-duty rest periods for each shift of at least three and

8  one-half (3 ½) hours she was not provided with rest period premium payments.

9       81.     During the relevant time period, Defendants failed to pay Plaintiff and the other

10  class members the full rest period premium due pursuant to California Labor Code section

11  226.7.

12       82.     Defendants' conduct violates applicable IWC Wage Orders and California

13  Labor Code section 226.7.

14       83.     Pursuant to the applicable IWC Wage Orders and California Labor Code section

15  226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one

16  additional hour of pay at the employees' regular hourly rate of compensation for each work

17  day that a rest period was not provided.

18  **FOURTH CAUSE OF ACTION**

19  **(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

20  **(Against WAL-MART ASSOCIATES, INC. WALMART, INC.,**

21  **WAL-MART STORES, INC., and DOES 3 through 100)**

22       84.     Plaintiff incorporates by reference the allegations contained in paragraphs 1

23  through 83, and each and every part thereof with the same force and effect as though fully set

24  forth herein.

25       85.     At all relevant times, California Labor Code sections 1194, 1197, and 1197.1

26  provide that employees must be paid at least minimum wage, and any lesser payment than the

27  fixed minimum is unlawful.

28  ///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

86.      During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.  Defendants' failure to pay minimum wages included, *inter alia*, Defendants' effective payment of zero dollars per hour for hours Plaintiff and the other class members worked off-the-clock performing work duties, including, but not limited to, providing customer service by responding to customer questions and providing assistance, opening/closing stores/facilities, meeting with supervisors/managers, responding to work related communications/inquiries, assisting supervisors/managers, and completing other regular duties/tasks in order to meet the high standard of customer service set by Defendants under threat of discipline by Defendants.  These work related tasks were performed off-the-clock, approximately 10-30 minutes per day, at the instruction of managers/supervisors, and/or in order to comply with Defendants' policies.

87.      Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1.  Pursuant to those sections, Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation, as well as interest, costs, attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

88.      Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages and $250.00 for each subsequent failure to pay each employee minimum wages.

89.      Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

///

///

///

///

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

## FIFTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 201 and 202)

### (Against WAL-MART ASSOCIATES, INC. WALMART, INC.,

### WAL-MART STORES, INC., and DOES 3 through 100)

90.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 89, and each and every part thereof with the same force and effect as though fully set forth herein.

91.     At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

92.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their earned and unpaid wages within seventy-two (72) hours of their leaving Defendants' employ. Plaintiff and other class members were not given at the time of leaving Defendants' employ all of the wages earned and unpaid throughout their employment, including but not limited to, minimum and overtime wages for time worked off-the-clock completing work duties including, but not limited to, providing customer service by responding to customer questions and providing assistance, opening/closing stores/facilities, meeting with supervisors/managers, responding to work related communications/inquiries, assisting supervisors/managers, and completing other regular duties/tasks in order to meet the high standard of customer service set by Defendants under threat of discipline by Defendants.

93.     Defendants' failure to pay Plaintiff and the other class members their earned and unpaid wages within seventy-two (72) hours of their leaving Defendants' employ is in violation of California Labor Code sections 201 and 202.

**LAWYERS** *for* **JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

94.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; however, the wages shall not continue for more than thirty (30) days.

95.     Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

<u>**SIXTH CAUSE OF ACTION**</u>

**(Violation of California Labor Code § 226(a))**

**(Against WAL-MART ASSOCIATES, INC. WALMART, INC.,**

**WAL-MART STORES, INC., and DOES 3 through 100)**

96.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 95, and each and every part thereof with the same force and effect as though fully set forth herein.

97.     At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated with the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

98.     Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements.  The deficiencies include but are not limited to: the failure to include the total number of hours worked by Plaintiff and the other class members.

99.     As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights. Because Plaintiff and the other class members' wage statements did not reflect the accurate number of hours worked, Plaintiff and the putative class members were unable to determine the total amount of hours they worked, were unable to determine the total amount of compensation they were owed, and were unable to verify they were paid the proper amount. In order to determine how much Plaintiff and the other class members should have been paid, Plaintiff and the other class members would have had to engage in discovery and mathematical computations in order to reconstruct the missing information. Further the wage statements do not accurately list the legal entity that is the employer.

100.     More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

101.     Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a) or an aggregate penalty not exceeding $4,000 per employee.

102.     Plaintiff and the other class members are also entitled to injunctive relief to ensure compliance with this section pursuant to California Labor Code section 226(h).

///
///
///
///
///

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

**SEVENTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 2800 and 2802)**

**(WAL-MART ASSOCIATES, INC. WALMART, INC.,**

**WAL-MART STORES, INC., and DOES 3 through 100)**

103.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 102, and each and every part thereof with the same force and effect as though fully set forth herein.

104.    Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

105.    Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants, including but not limited to, the costs associated with the use of personal phones for work related tasks.

106.    Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

107.    Plaintiff and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

**TENTH CAUSE OF ACTION**

**(Violation of California Business & Professions Code § 17200, et seq.)**

**(WAL-MART ASSOCIATES, INC. WALMART, INC.,**

**WAL-MART STORES, INC., and DOES 3 through 100)**

108.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 107, and each and every part thereof with the same force and effect as though fully set forth herein.

///

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

109.    Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful, and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors.  Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

110.    Defendants' activities, as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

111.    A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198.  Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).  Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1.  Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201, 202, and 204.  Defendants also violated California Labor Code sections 226(a), 1174(d), 2800, and 2802.

112.    As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

113.    Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

114.    Pursuant to California Business & Professions Code section 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years preceding the filing of this
///

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

**LAWYERS** *for* **JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

1  Complaint, an award of attorneys' fees pursuant to California Code of Civil procedure section

2  1021.5 and other applicable laws, and an award of costs.

3  **DEMAND FOR JURY TRIAL**

4  Plaintiff, individually, and on behalf of other members of the general public similarly

5  situated, requests a trial by jury.

6  **PRAYER FOR RELIEF**

7  WHEREFORE, Plaintiff, individually, and on behalf of other members of the general

8  public similarly situated, prays for relief and judgment against Defendants, jointly and

9  severally, as follows:

10  **Class Certification**

11  1.    That this action be certified as a class action;

12  2.    That Plaintiff be appointed as the representative of the Class;

13  3.    That counsel for Plaintiff be appointed as Class Counsel; and

14  4.    That Defendants provide to Class Counsel immediately the names and most

15  current/last known contact information (address, e-mail, and telephone numbers) of all class

16  members.

17  **As to the First Cause of Action**

18  5.    That the Court declare, adjudge, and decree that Defendants violated California

19  Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay

20  all overtime wages due to Plaintiff and the other class members;

21  6.    For general unpaid wages at overtime wage rates and such general and special

22  damages as may be appropriate;

23  7.    For pre-judgment interest on any unpaid overtime compensation commencing

24  from the date such amounts were due;

25  8.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

26  California Labor Code section 1194; and

27  9.    For such other and further relief as the Court may deem just and proper.

28  ///

**As to the Second Cause of Action**

10.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

11.    That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12.    For all actual, consequential, and incidental losses and damages, according to proof;

13.    For premium wages pursuant to California Labor Code section 226.7(c);

14.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

15.    For reasonable attorneys' fees and costs of suit incurred herein; and

16.    For such other and further relief as the Court may deem just and proper.

**As to the Third Cause of Action**

17.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

18.    That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

19.    For all actual, consequential, and incidental losses and damages, according to proof;

20.    For premium wages pursuant to California Labor Code section 226.7(c);

21.    For pre-judgment interest on any unpaid wages from the date such amounts were due; and

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

22.    For such other and further relief as the Court may deem just and proper.

**As to the Fourth Cause of Action**

23.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

24.    For general unpaid wages and such general and special damages as may be appropriate;

25.    For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

26.    For pre-judgment interest on any unpaid compensation from the date such amounts were due;

27.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28.    For liquidated damages pursuant to California Labor Code section 1194.2; and

29.    For such other and further relief as the Court may deem just and proper.

**As to the Fifth Cause of Action**

30.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

31.    For all actual, consequential, and incidental losses and damages, according to proof;

32.    For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and the other class members who have left Defendants' employ;

33.    For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

34.    For such other and further relief as the Court may deem just and proper.

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**As to the Sixth Cause of Action**

35.    That the Court declare, adjudge, and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

36.    For actual, consequential, and incidental losses and damages, according to proof;

37.    For statutory penalties pursuant to California Labor Code section 226(e);

38.    For injunctive relief to ensure compliance with this section pursuant to California Labor Code section 226(h); and

39.    For such other and further relief as the Court may deem just and proper.

**As to the Seventh Cause of Action**

40.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

41.    For actual, consequential, and incidental losses and damages, according to proof;

42.    For the imposition of civil penalties and/or statutory penalties;

43.    For reasonable attorneys' fees and costs of suit incurred herein; and

44.    For such other and further relief as the Court may deem just and proper.

**As to the Eighth Cause of Action**

45.    That the Court declare, adjudge, and decree that Defendants violated California Business and Professions Code section 17200, et seq. by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to timely pay Plaintiff's and the other class members' wages, failing to provide Plaintiff and other class members with complete and

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

accurate wage statements, failing to keep complete and accurate payroll records, and failing to reimburse Plaintiff and the other class members for necessary business-related expenses and costs.

46.     For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

47.     For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violating California Business and Professions Code section 17200, et seq.;

48.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

49.     For injunctive relief to ensure compliance with this section pursuant to California Business and Professions Code section 17200, et seq.; and

50.     For such other and further relief as the Court may deem just and proper.

Dated: July 24, 2025

LAWYERS *for* JUSTICE, PC

By: _____
        Arby Aiwazian
        Arman Marukyan
        Dominic Scarangella
        *Attorneys for* Plaintiff

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL