PALOMA P. PERACCHIO, CA Bar No. 259034
paloma.peracchio@ogletree.com
MELIS ATALAY, CA Bar No. 301373
melis.atalay@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:   213-239-9800
Facsimile:    213-239-9045

MITCHELL A. WROSCH, CA Bar No. 262230
mitchell.wrosch@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:   714-800-7900
Facsimile:    714-754-1298

Attorneys for Defendants
WAL-MART ASSOCIATES, INC., WALMART INC.

*[Additional attorneys on following page]*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSARIO CASILLAS, individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC., a Delaware corporation; WALMART, INC., a Delaware corporation; WAL-MART STORES, INC., an unknown business entity; and DOES 3 through 100, inclusive,<br><br>Defendants. | Case No. 2:25-cv-06086 RGK (BFMx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Complaint Filed: May 15, 2025<br>Trial Date: None<br>District Judge: Hon. R. Gary Klausner<br>Courtroom 850, Roybal<br>Magistrate Judge: Hon. Brianna Fuller Mircheff<br>Courtroom 780, Roybal |

| | |
|---|---|
| 1 | CATHERINE N. VAN FAROWE, CA Bar No. 355981 |
| 2 | catherine.vanfarowe@ogletree.com<br>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| 3 | Esplanade Center III, Suite 800<br>2415 East Camelback Road |
| 4 | Phoenix, AZ 85016<br>Telephone: 602-778-3700 |
| 5 | Facsimile: 602-778-3750 |
| 6 | Attorneys for Defendants<br>WAL-MART ASSOCIATES, INC., WALMART INC. |
| 7 | Arby Aiwazian (CA Bar No. 269827) |
| 8 | Arman Marukyan (CA Bar No. 327150) |
| 9 | Dominic Scarangella (CA Bar No. 347695)<br>LAWYERS for JUSTICE, PC |
| 10 | 450 North Brand Blvd., Suite 900 |
| 11 | Glendale, California 91203<br>Tel: (818) 265-1020 / Fax: (818) 265-1021 |
| 12 | |
| 13 | Attorneys for Plaintiff<br>ROSARIO CASILLAS |

Defendants Wal-Mart Associates, Inc. and Walmart Inc.[1] (collectively "Walmart" or "Defendants") and plaintiff Rosario Casillas ("Plaintiff") (collectively, the "Parties"), by and through their respective counsel of record, held a telephone conference on October 6, 2025 to discuss the matters set forth in Federal Rule of Civil Procedure 26(f) and Local Rule 26-1. The Parties, through undersigned counsel, hereby submit the following Joint Rule 26(f) Report in advance of the October 27, 2025 Scheduling Conference.

A. **Statement of Case**

Plaintiff was employed by as a non-exempt Food & Consumables Team Associate at its store located in Pomona, California from approximately April 18, 2023, to approximately September 4, 2024.

On May 15, 2025, Plaintiff filed this putative wage and hour class action in the Superior Court of the State of California for the County of Los Angeles, which was removed to this Court on July 3, 2025. (ECF No. 1.) Plaintiff seeks to represent a putative class that she defines as "all current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint [May 15, 2025] to final judgment." (ECF No. 1 ¶ 13.)

Pursuant to joint stipulations of the Parties and the Court's orders, Plaintiff filed a First Amended Complaint on July 24, 2025, and a Second Amended Complaint on August 26, 2025. (ECF Nos. 13, 22.) Plaintiff's Second Amended Complaint brings causes of action for an alleged: (1) failure to pay overtime; (2) failure to authorize and permit meal periods; (3) failure to authorize and permit rest breaks; (4) failure to pay minimum wages; (5) failure to timely pay final wages; (6) failure to furnish accurate itemized wage statements; (7) failure to indemnify employees for necessary expenditures incurred in discharge of duties; and (8) unfair and unlawful business

---

[1] Wal-Mart Stores, Inc. is not an entity and has not existed since 2018. Wal-Mart Stores Inc. was dismissed from the action on September 12, 2025. (ECF No. 25.)

practices. On behalf of herself and the other putative class members, Plaintiff seeks compensatory damages, restitution, statutory penalties, interest, and attorney's fees and costs. (*See generally* ECF No. 22.)

On September 9, 2025, Defendants filed a Motion to Dismiss the Second Amended Complaint, which is currently pending before the Court. (ECF Nos. 23, 36.)

Defendants deny each allegation in the Second Amended Complaint. Defendants contend that Plaintiff cannot prevail on any of her individual claims and cannot properly represent a putative class of current and/or former associates[2] of Defendants. Defendants further contend that neither Plaintiff nor those she seeks to represent suffered any damages and are not entitled to any penalties. Defendants further deny that Plaintiff's claims are suitable for class certification.

**B.  Discovery Plan**

**1.  Rule 26(a)(1) Disclosures**

The Parties have agreed to exchange initial disclosures by October 27, 2025.

**2.  Scope of Discovery**

**a.  Plaintiff's Statement**

Plaintiff does not believe that bifurcation of discovery is necessary at this time, and Plaintiff will focus her discovery on class certification issues at this time. Nevertheless, Plaintiff anticipates that there will be substantial overlap between class and merits discovery, such that some "merits discovery" may be propounded where such discovery intersects and cannot be bifurcated from class certification issues. Plaintiff will meet and confer with counsel for Defendants regarding any objections that particular discovery sought is premature prior to class certification.

**b.  Defendants' Statement**

On October 6, 2025, Defendants served Plaintiff with interrogatory requests and requests for the production of documents. Defendants also noticed Plaintiff's

---

[2] Defendants refer to their employees as "associates."

deposition for November 13, 2025. Defendants will depose percipient witnesses identified during discovery on mutually agreed upon dates.

Defendants believe discovery should initially be limited to information needed to resolve the issue of class certification. If no class is certified, then no further discovery will likely be necessary. If a class is certified, then Phase 2 will include discovery concerning (a) the individual putative class members, including any alleged damages; and (b) the merits of the claims brought on behalf of the putative class. Phased discovery will shorten the litigation and preserve judicial resources because eventual merits/damages discovery will be substantially streamlined. A sensible, phased discovery schedule serves the twin goals of effective and efficient case management.

### 3. Proposed Schedule

#### a. Plaintiff's Statement

Plaintiff proposes the fact and expert discovery cutoff dates below:

| Matter | Proposed Date |
| --- | --- |
| Fact Discovery (including written discovery and depositions) Cutoff | October 25, 2026 |
| Expert Disclosures | November 24, 2026 |
| Rebuttal Expert Disclosures | December 15, 2026 |
| Expert Discovery Cutoff | January 24, 2027 |

#### b. Defendants' Statement

The Defendants propose the fact discovery and expert discovery cutoff dates below:

| Matter | Proposed Date |
| --- | --- |
| Fact Discovery (including written discovery and depositions) Cutoff | May 25, 2026 |
| Expert Disclosures | June 24, 2026 |
| Rebuttal Expert Disclosures | July 15, 2026 |

| Expert Discovery Cutoff | August 24, 2026 |

**C.   Manual for Complex Litigation**

The Parties do not anticipate needing to utilize the procedures of the Manual for Complex Litigation.

**D.   Dispositive Motions**

   **a.   Plaintiff's Statement**

Plaintiff is amenable to a dispositive motion cutoff of December 10, 2026

   **b.   Defendants' Statement**

Defendants anticipate moving for summary judgment as to all of Plaintiff's claims that are not dismissed. Defendants propose that the last day to file a dispositive motion is June 10, 2026.

**E.   ADR**

The Parties have furnished and discussed with their clients the Court's ADR Notice to Parties. The Parties believe the case is best suited for a private mediation, though Defendants maintain that private mediation is premature and should occur after the Court rules on any Motion for Class Certification only if necessary.

**F.   Trial Estimate**

   **a.   Plaintiff's Statement**

Assuming a class is certified, Plaintiff anticipates that trial in this matter will last approximately ten (10) to fifteen (15) court days depending on the scope of the class and/or subclasses.

   **b.   Defendants' Statement**

If a class is not certified, Defendants anticipate that trial in this matter will last approximately three (3) court days. If a class is certified, Defendants anticipate trial will last considerably longer depending on the scope of the class and/or subclasses.

**G.   Additional Parties**

The Parties do not anticipate the appearance of any additional parties.

**H.     Expert Witnesses**

The Parties propose that expert disclosures shall be served within 30 days after the conclusion of fact discovery with rebuttal disclosures to occur within 21 days after initial expert disclosures.

**I.      Other Issues**

  **a. Plaintiff's Statement**

Plaintiff intends to file a Motion for Class Certification. The Court has ordered that Plaintiff file the motion by November 24, 2025. (ECF No. 27). On September 12, 2025, the Parties filed a joint stipulation to continue the Motion for Class Certification Deadline to April 1, 2026. (ECF No. 25). Given the state of the pleadings where Defendants' Motion to Dismiss is still pending a decision and the fact that discovery has just commenced, Plaintiff respectfully renews its request that the Motion for Class Certification Deadline be reset to a date no earlier than April 1, 2026 to allow time for Defendants to file and answer and for appropriate pre-certification discovery to be conducted.

  **b. Defendants' Statement**

The Court has ordered that Plaintiff file the motion by November 24, 2025. (ECF No. 25.) Plaintiff has not established good cause to delay her class certification opposition until April 1, 2026, including whether or how circumstances have changed since the Court's September 16, 2025 order (ECF No. 27) denying Plaintiff's prior request to continue her certification deadline to April 1, 2026, or why Plaintiff could not have filed for certification in compliance with the Court's orders upon the exercise of reasonable diligence.

Given increased demands on business operations during the holiday season and accompanying anticipated logistical limitations, Defendants further propose a briefing schedule on the certification motion as follows: Defendants' opposition is due by January 19, 2026; Plaintiff's reply is due by January 26, 2026.

| | | |
|---|---|---|
| DATED: October 20, 2025 | | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |

By:  /s/ *Melis Atalay*
Paloma P. Peracchio
Mitchell A. Wrosch
Melis Atalay
Catherine N. Van Farowe

Attorneys for Defendants
WAL-MART ASSOCIATES, INC.,
WALMART INC.

DATED: October 20, 2025            **LAWYERS *for* JUSTICE, PC**

By:  /s/ *Arman Marukyan*
Arman Marukyan
Dominic Scarangella

*Attorneys for* Plaintiff

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 5-4.3.4(2), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concurs in the filing's content and have authorized the filing.

DATED: October 20, 2025            OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:  /s/ *Melis Atalay*
Paloma P. Peracchio
Mitchell A. Wrosch
Melis Atalay
Catherine N. Van Farowe

Attorneys for Defendants
WAL-MART ASSOCIATES, INC.,
WALMART INC.