UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-06086-RGK-BFM | Date | October 23, 2025 |
|---|---|---|---|
| Title | *Rosario Casillas v. Wal-Mart Associates, Inc. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss for Failure to State a Claim [23]

## I.   INTRODUCTION

On May 15, 2025, Rosario Casillas ("Plaintiff") filed a putative class action complaint in the Superior Court of the State of California against Wal-Mart Associates, Inc. and Walmart, Inc. (collectively, "Defendants" or "Walmart") alleging various work-related claims. On July 3, 2025, Defendants removed the case to this Court. (ECF No. 1.)

With leave from the Court, Plaintiff has amended the complaint. Most recently, on August 26, 2025, Plaintiff filed the operative Second Amended Complaint ("SAC") alleging eight claims arising from violations of the California Labor Code: (1) Unpaid Overtime Wages, (2) Unpaid Meal Period Premiums, (3) Unpaid Rest Period Premiums, (4) Unpaid Minimum Wages, (5) Final Wages Not Timely Paid, (6) Non-Compliant Wage Statements, (7) Unreimbursed Business Expenses, and (8) Violation of the Unfair Competition Law ("UCL"). (ECF No. 22.)

On September 9, 2025, Defendants filed the present Motion to Dismiss the SAC in its entirety. (ECF No. 23.) For the following reasons, the Court **DENIES in part** Defendants' Motion to Dismiss with respect to Claims 1, 2, 4–6, and 7, and **GRANTS in part** Defendants' Motion to Dismiss, **DISMISSING** Claims 3 and 8 and Plaintiff's requests for injunctive and declaratory relief **without prejudice**.

## II.   FACTUAL BACKGROUND

Plaintiff alleges the following facts in the SAC:

Plaintiff worked for Defendants as a non-exempt employee from approximately April 2023 to approximately September 2024. As a regular practice, Defendants required Plaintiff to complete work tasks before and after clocking in, and during her meal and rest breaks. For example, on May 3, 2023,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-06086-RGK-BFM | Date | October 23, 2025 |
|---|---|---|---|
| Title | *Rosario Casillas v. Wal-Mart Associates, Inc. et al* | | |

Plaintiff worked eight hours on the clock, and continued working off-the-clock to complete additional daily work tasks. On July 30, 2024, Plaintiff's manager interrupted her meal break with a text message. Additionally, Defendants required Plaintiff to use her cell phone for work tasks, including conducting inventory, assisting customers, and communicating with managers, but did not reimburse her for the cost. Lastly, Defendants knowingly failed to provide accurate wage statements and timely pay final wages for all unpaid overtime and meal/rest break premiums.

### III. JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If a complaint fails to adequately state a claim for relief, the defendants may move to dismiss the claim under Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges enough facts to allow the court to draw a reasonable inference that the defendants are liable. *Id.* A plaintiff need not provide detailed factual allegations, but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. When ruling on a 12(b)(6) motion, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).

### IV. DISCUSSION

Defendants attack the sufficiency of Plaintiff's pleadings for each and every claim. The Court will address each argument in turn below.

#### A. Claims 1 (Unpaid Overtime) and 4 (Unpaid Minimum Wage)

For Claims 1 and 4, Plaintiff alleges that Defendants required her to work overtime before and after clocking in for and out of work. Defendants argue that Plaintiff's allegations are too general and vague to state a claim for relief that is plausible on its face. The Court disagrees. Section 510 of the California Labor Code prohibits work exceeding eight hours in one workday and work exceeding forty hours in one workweek absent greater compensation. Cal. Lab. Code § 510 (West 2025). In the wake of the *Twombly* and *Iqbal* decisions, the Ninth Circuit passed down guidance on how to interpret the Rule 8 pleading standards in a wage-and-hour-claim context. *See Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014). To plead a plausible claim in such cases, a plaintiff must, at a minimum, allege a given workweek in which the violation occurred. *Id.* at 645. Although the *Landers* court specifically

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-06086-RGK-BFM | Date | October 23, 2025 |
|---|---|---|---|
| Title | *Rosario Casillas v. Wal-Mart Associates, Inc. et al* | | |

discussed an off-the-clock work claim under the Fair Labor Standards Act, the Ninth Circuit has applied the same reasoning to claims brought under the California Labor Code, as is the case here. *See Boon v. Canon Bus. Sols., Inc.*, 592 F. App'x 631, 632 (9th Cir. 2015) (applying the reasoning in *Landers* to an "off-the-clock" state law claim).

Plaintiff's unpaid overtime and minimum wage claims are predicated on off-the-clock work, so the analysis is the same for both Claims 1 and 4. Plaintiff alleged a specific calendar workweek that a violation occurred: on May 3, 2023, Plaintiff worked eight hours on the clock and then was required to work off-the-clock for an additional 5–10 minutes to complete additional daily tasks. (SAC ¶ 34.) Plaintiff further alleged that this is a regular practice (often times working off-the-clock for 10–30 minutes per day), the kinds of tasks commonly performed off the clock, and the reason why this work had to be performed off the clock (to meet the high standard of customer service Defendants set under threat of discipline by Defendants). (*Id.* ¶ 63.) Considering these allegations in light of the reasoning in *Landers*, the Court finds that Plaintiff pled sufficient facts to state a claim for overtime and minimum wage violations.

### B. Claims 2 (Unpaid Meal Period Premiums) and 3 (Unpaid Rest Period Premiums)

To prevail on a meal or rest break violation claim, Plaintiff must show that Defendants impeded or discouraged her from taking meal or rest breaks. *See Boyack v. Regis Corp.*, 812 F. App'x 428, 431 & n. 3 (9th Cir. 2020). The Ninth Circuit has applied the *Landers* reasoning to meal and rest break violation claims, requiring employee-plaintiffs to allege at least one workweek in which they were personally deprived of meal or rest breaks. *See id.* at 431.

Here, Plaintiff's allegations sufficiently demonstrate that Defendants impeded her from taking meal breaks, but not rest breaks. Plaintiff alleges a specific instance in which her manager's text impeded her meal break, chronic understaffing issues that made it difficult to take meal breaks, and the kind of tasks she had to perform during her meal breaks. (SAC ¶¶ 38, 72.) However, Plaintiff does not plead a specific, non-conclusory instance of her rest breaks being interrupted, impeded, or discouraged. She pled that her rest breaks were *regularly* interrupted, but following the guidance from *Landers*, that is not sufficient to state a claim. *See also Boyack*, 812 F. App'x at 431 (holding that employee-plaintiffs failed to state a claim by failing to "allege a single workweek in which [the employer] impeded or discouraged [plaintiffs] from taking rest breaks").

### C. Claims 5 (Final Wages Not Timely Paid) and 6 (Non-Compliant Wage Statements)

An employer is required to furnish wages within 72 hours after an employee is terminated, laid-off, or resigns. Cal. Lab. Code §§ 201(a), 202(a) (West 2025). An employer who willfully fails to pay is liable for additional penalties. Lab. § 203(a). Similarly, an employer who knowingly and intentionally fails to provide accurate and complete wage statements is liable under Lab. § 226. As relevant here,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-06086-RGK-BFM | Date | October 23, 2025 |
|---|---|---|---|
| Title | *Rosario Casillas v. Wal-Mart Associates, Inc. et al* | | |

Defendants argue that Plaintiff has only asserted conclusory allegations that Defendants' failure to comply with the statutes was willful, as Section 203 requires, or done knowingly and intentionally, as Section 226 requires, which is insufficient.[1] The Court disagrees.

When considering the entirety of the SAC, setting aside conclusory allegations regarding Defendants' state of mind, Plaintiff's allegations—such that she regularly worked overtime and that the managers interrupted her meal break—give rise to a reasonable inference that Defendants knew she was entitled to overtime and meal premium pay. (SAC ¶¶ 34, 38, 40.) Drawing all inferences in favor of Plaintiff, it is reasonable to infer that Defendants were aware of a regular practice that was occurring within their facilities. Despite that knowledge, Plaintiff's final wages for the overtime and meal-time work were not paid, and the wage statements did not include those hours. Thus, Plaintiff stated a claim for Claims 5 and 6.

### D.   Claim 7 (Unreimbursed Business Expenses)

Defendants argue that Plaintiff does not allege that the use of her personal phone was necessary or that Defendants had knowledge of the expenditure. However, to prevail on an unreimbursed business expense claim, "an employee need only show that he or she was required to use a personal cell phone to make work-related calls, and he or she was not reimbursed." *Cochran v. Schwan's Home Serv., Inc.*, 228 Cal. App. 4th 1137, 1145 (2014). Courts have found such claims sufficiently pled when a complaint identifies the particular expenses that were not reimbursed and affirmatively alleges that the expenses were part of the plaintiff's job duties. *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1005 (N.D. Cal. 2016) (collecting cases).

Here, Plaintiff sufficiently pled a claim for unreimbursed business expenses. She pled the specific tasks that she had to complete with her personal cell phone and that she was not reimbursed for. (SAC ¶ 45.) Additionally, the allegations are sufficient to infer that Walmart had such knowledge for the same reasons stated above. For example, Plaintiff's manager texted Plaintiff on her personal phone, so at least her direct supervisor had knowledge of and required the incurred expense. (*Id.* at ¶¶ 38, 45.) Defendants argue that the content of the text message are not pled, so the text could have been a personal or otherwise non-work-related message. However, all inferences must be drawn in favor of Plaintiff. It is a reasonable inference that a text from a manager during the workday was work-related. Thus, Plaintiff sufficiently pled a claim for unreimbursed business expenses.

---

[1] Defendants also argue that these claims are derivative of Claims 1 and 4, so if those are dismissed then these claims should also be dismissed. Because Claims 1 and 4 are not dismissed, this argument need not be addressed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-06086-RGK-BFM | Date | October 23, 2025 |
|---|---|---|---|
| Title | *Rosario Casillas v. Wal-Mart Associates, Inc. et al* | | |

E. **Claim 8 (Violation of the UCL)**

Defendants argue that the UCL only provides equitable remedies, which federal courts cannot provide unless Plaintiff proves she has no adequate remedies at law. Defendants assert that because Plaintiff's own pleadings show that she has adequate remedies at law, she cannot recover under the UCL. The Court agrees.

The causes of action established by the UCL are equitable in nature. *Nationwide Biweekly Admin., Inc. v. Superior Ct.*, 9 Cal. 5th 279, 292 (2020). Federal common law prohibits courts from providing equitable remedies if there is an adequate remedy at law, so to gain relief under the UCL, Plaintiff must show she lacks an adequate remedy at law. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (affirming dismissal of plaintiff's UCL claim when she failed to establish that she lacks an adequate remedy at law).

Here, Plaintiff does not allege that she has an inadequate remedy in law. Instead, Plaintiff argues that California's UCL allows for remedies that are cumulative to all other relief. While true that the California statute does allow for cumulative remedies, a state statute does not change the nature of federal courts' equitable powers. *Sonner*, 971 F.3d at 842. Because Plaintiff does not plead that she has no adequate remedy at law, relief under the UCL cannot be granted and must be dismissed.

F. **Injunctive and Declaratory Relief**

Defendants argue that because Plaintiff no longer works for Walmart, she has no standing to request injunctive or declaratory relief.[2] "A request for injunctive relief remains live only so long as there is some present harm left to enjoin." *Taylor v. Resolution Trust Corp.*, 56 F.3d 1497, 1502 (D.C. Cir. 1995). The Ninth Circuit has repeatedly held that former employees do not have standing to seek injunctive relief. *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 864–65 (9th Cir. 2017) ("[A] former employee has no claim for injunctive relief addressing the employment practices of a former employer absent a reasonably certain basis for concluding he or she has some personal need for prospective relief."); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 986 (9th Cir. 2011); *see Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 364–65 (2011) (concluding plaintiffs whose employment ended after they filed the action had no claim for injunctive relief against their former employer concerning its employment practices). For the same reason, claims for declaratory relief brought by a former employee are moot when the employee is not being subjected to the allegedly unlawful conduct. *Bayer*, 861 F.3d at 867-68.

Plaintiff is no longer employed by Defendants. (SAC ¶ 22.) She has alleged no basis for concluding she has personal need for prospective relief, such as an intention to work at Walmart again,

---

[2] Defendants also argue that Plaintiff's Opposition fails to address Defendants' request to dismiss the injunctive and declaratory relief, which constitutes an abandonment of the claims. The Court need not address this argument, however, because as explained herein, Plaintiff's claims for relief fail regardless.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-06086-RGK-BFM | Date | October 23, 2025 |
|---|---|---|---|
| Title | *Rosario Casillas v. Wal-Mart Associates, Inc. et al* | | |

so she has no standing to seek injunctive or declaratory relief. Therefore, Plaintiff has not sufficiently pled a claim for injunctive or declaratory relief.

## V.     CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** Defendants' Motion to Dismiss. Specifically, the Court **DISMISSES** Claims 3 and 8 and Plaintiff's requests for injunctive and declaratory relief **without prejudice**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/gz |